IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| James M. Moore, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 6:09-cv-03083-JMC |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | |
| Laurens County and the State of | ) | |
| South Carolina, acting through | ) | |
| South Carolina Department of | ) | |
| Corrections, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Defendant South Carolina Department of Corrections' ("SCDC") Motion for Summary Judgment [Doc. 30]. Based on the record before this court, SCDC's motion is granted as to Plaintiff's claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and 42 U.S.C. § 1983 . The court further declines to exercise supplemental jurisdiction over Plaintiff's state law claim for gross negligence.

**FACTUAL AND PROCEDURAL BACKGROUND**

In February 2003, Plaintiff fell asleep while driving and crashed his vehicle into a tree in Greenville County. As a result of the accident, Plaintiff sustained significant physical injuries to various body parts and organs, including a severe fracture of his right foot. Plaintiff received medical treatment, including placement of surgical pins and other hardware to reattach his right foot. Before being released from the hospital, Plaintiff's doctor advised him that, once the swelling in his right leg subsided, he would be a candidate for an elective fusion surgery to his right foot, but did

1

not require that the surgery be conducted within a particular time period. Plaintiff's doctor informed him that he had a fifty percent (50%) chance of the fusion surgery being effective. Plaintiff's doctor also informed him that even if the surgery was effective, Plaintiff would have a club foot. In addition, even if the fusion surgery was effective, there would be a fifty percent (50%) chance that Plaintiff would still need to have his right leg amputated. Plaintiff decided not to have either procedure at that time. Upon his release from the hospital, Plaintiff continued to have pain, swelling and discoloration in his right leg. Plaintiff continued with medical treatment to assist with the swelling in the leg. Plaintiff never chose to have either procedure prior to his incarceration in 2007. As a result of his injury, Plaintiff used crutches and a wheelchair to ambulate.

In January 2007, Plaintiff was detained at a local jail in Anderson County, South Carolina. Plaintiff was incarcerated at Laurens County Detention Center ("LCDC"), on or about February 28, 2007, until he was transferred to SCDC's Kirkland Correctional Institution ("KCI") on or about October 29, 2007 (with a brief period of time spent at the Greenville County Detention Center). During his incarceration at LCDC, Plaintiff was not permitted to use crutches. Plaintiff alleges that the inability to use crutches exacerbated his injury. Plaintiff made verbal requests for crutches, but never submitted a formal request to receive crutches. While incarcerated at LCDC, Plaintiff alleges that his leg began to swell. Plaintiff alleges that he requested medical treatment for his foot and was given Ibuprofen and ice for the swelling. When he arrived at SCDC, Plaintiff's foot was very dark. He was given an intake physical and x-rays were taken of his leg, but no specific treatment was provided to him. SCDC, however, did prescribe pain pills to Plaintiff. Plaintiff alleges that his leg continued to swell and he continued to complain about this condition to medical personnel at SCDC. On or about November 8, 2007, Plaintiff complained of pain and swelling of his leg. An SCDC

physician examined Plaintiff's foot, ordered x-rays of his ankle, and prescribed Plaintiff pain medication. Later that evening, Plaintiff saw blood coming out of his ankle and was admitted to the KCI infirmary where he received intravenous antibiotics and pain medication. Plaintiff also received an orthopaedic consult to examine him for possible osteomyelitis. On November 9, 2007, an SCDC physician obtained a wound culture for Plaintiff. Plaintiff remained in the infirmary for four or five days, during which time he continued to receive antibiotics and pain medications and was monitored by the medical staff. Plaintiff also had blood work performed. On November 14, 2007, Plaintiff was transported by ambulance to Palmetto Richland Memorial Hospital in Columbia, South Carolina. While at the hospital, Plaintiff's leg was eventually amputated. On December 18, 2007, Plaintiff returned to KCI.

On October 23, 2009, Plaintiff filed this lawsuit alleging causes of action against Laurens County and the State of South Carolina[1], acting through SCDC, for gross negligence, violation of his civil rights, and violation of the ADA. More specifically, Plaintiff alleges that Defendants were grossly negligent in denying him access to appropriate and timely medical care while at the detention facilities, which resulted in his leg amputation; that he was subjected to cruel and unusual punishment in violation of his civil rights in being denied appropriate medical care; and that such acts of Defendants were in violation of the ADA.

---

[1] By stipulation and consent of the parties, the State of South Carolina was dismissed as a party to this action.

## **LEGAL STANDARD**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## DISCUSSION

### I. Eighth Amendment

SCDC argues that it is not a person subject to suit under section 1983 and is thus entitled to dismissal on Plaintiff's Eighth Amendment claim. Plaintiff alleges that the defendants violated his rights under the U.S. Constitution through indifference to his serious medical needs. A prison official's deliberate indifference to the serious medical needs of a prisoner is a violation of the Eighth Amendment of the United States Constitution, *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976), which protects from cruel and unusual punishment. U.S. Const. amend. VIII. Plaintiff brings his Eighth Amendment claim under section 1983. Section 1983 is the federal provision permitting a civil action for the deprivation of federally guaranteed rights. Section 1983 allows a citizen, or other person within the jurisdiction of the United States, to bring suit against any person acting under the color of law, whether state or federal, for depriving him of rights secured by the United States Constitution. *See* 42 U.S.C. § 1983. This includes police officers employed by municipalities. *See Monell v. Dept. of Soc. Serv. of N.Y.*, 436 U.S. 658 (1978). To state a claim under section 1983, a plaintiff must allege that: 1) a right secured by the constitution or laws of the United States has been violated, and 2) the alleged violation was committed by a *person* acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). States and state agencies do not qualify as "persons" subject to suit under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989). SCDC is an administrative agency of the State of South Carolina, *see* S.C. Code Ann. § 24-1-30 (2010), and thus does not qualify as a person subject to suit under section 1983.

Plaintiff argues in Plaintiff's Memorandum in Opposition to Department of Corrections' Motion for Summary Judgment [Doc. 33-1] that SCDC is also liable under the doctrine of

5

respondeat superior. However, it is well established that section 1983 "[cannot] be interpreted to incorporate doctrines of vicarious liability." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986).

Alternatively, SCDC argues that Plaintiff has not stated a constitutional deprivation sufficient for recovery under section 1983; however, upon finding that SCDC is not subject to suit under section 1983, the court declines to address the merits of Plaintiff's claim.[2] Therefore, Defendant SCDC's request for summary judgment on Plaintiff's claim under section 1983 is granted.

## II. ADA

In Plaintiff's Memorandum in Opposition to Department of Corrections' Motion for Summary Judgment [Doc. 33-1], Plaintiff concedes that SCDC did provide him with the crutches and wheelchair that he needed and thus concedes that the ADA is not applicable in this action. Therefore, SCDC's motion for summary judgment on this claim is granted.

## III. Gross Negligence

Plaintiff's Complaint [Doc. 1] asserts a cause of action against SCDC based on gross negligence. However, SCDC's Motion for Summary Judgment [Doc. 30] does not provide the court with any arguments addressing Plaintiff's gross negligence claim. Plaintiff's Memorandum in Opposition to Department of Corrections' Motion for Summary Judgment [Doc. 33-1] acknowledges that SCDC did not address Plaintiff's gross negligence claim in the motion. In SCDC's Reply to

---

[2] While the court declines to address the merits of Plaintiff's claim, the court notes that in support of his claim, Plaintiff has submitted an unsworn notarized statement from Dr. Joseph E. Paris [Doc. 33-2] addressing the sufficiency of the medical care that SCDC provided. However, an unsworn affidavit, not accompanied by a statement affirming its authenticity, is not admissible to create an issue of fact. *See Network Computing Servs. Corp. v. Cisco Sys., Inc.*, 152 Fed. Appx. 317, 321 (4th Cir. 2005) ("[A] notary's certificate simply means that the [doctor's] signature is authentic. It is not a substitute for language indicating that the witness understood he risked prosecution for perjury if he gave false testimony.").

Plaintiff's Memorandum in Opposition to South Carolina Department of Correction's Motion for Summary Judgment [Doc. 35], SCDC attempts to address for the first time Plaintiff's gross negligence claim. Courts often refuse to consider arguments made for the first time in a reply brief on the basis that doing so effectively denies the party opposing the motion an opportunity to respond. *See, e.g.*, *Chang–Williams v. Dep't of the Navy*, 766 F. Supp. 2d 604, 620 n.16 (D. Md. 2011) (citations omitted). However, this court determines that it is unnecessary to address SCDC's arguments because it has granted summary judgment in favor of SCDC on each of the federal claims asserted by Plaintiff. Therefore, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against SCDC and they are dismissed without prejudice. *See* 28 U.S.C. § 1367(c).

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that SCDC's Motion for Summary Judgment [Doc. 30] is **GRANTED** with respect to Plaintiff's Eighth Amendment claim and Plaintiff's cause of action for violation of the ADA. Furthermore, with respect to Plaintiff's state law claim for gross negligence, the court declines to exercise supplemental jurisdiction and dismisses the claim without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 16, 2011
Greenville, South Carolina

7