IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| James M. Moore, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 6:09-cv-03083-JMC |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | |
| Laurens County and the State of | ) | |
| South Carolina, acting through | ) | |
| South Carolina Department of | ) | |
| Corrections, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Defendant Laurens County's Motion for Summary

Judgment [Doc. 31]. Based on the record before this court, Laurens County's motion is granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

In February 2003, Plaintiff fell asleep while driving and crashed his vehicle into a tree in

Greenville County. As a result of the accident, Plaintiff sustained significant physical injuries to

various body parts and organs, including a severe fracture of his right foot. Plaintiff received

medical treatment, including placement of surgical pins and other hardware to reattach his right foot.

Before being released from the hospital, Plaintiff's doctor advised him that, once the swelling in his

right leg subsided, he would be a candidate for an elective fusion surgery to his right foot, but did

not require that the surgery be conducted within a particular time period. Plaintiff's doctor informed

him that he had a fifty percent (50%) chance of the fusion surgery being effective. Plaintiff's doctor

also informed him that even if the surgery was effective, Plaintiff would have a club foot. In

addition, even if the fusion surgery was effective, there would be a fifty percent (50%) chance that Plaintiff would still need to have his right leg amputated. Plaintiff decided not to have either procedure at that time. Upon his release from the hospital, Plaintiff continued to have pain, swelling and discoloration in his right leg. Plaintiff continued with medical treatment to assist with the swelling in the leg. Plaintiff never chose to have either procedure prior to his incarceration in 2007. Plaintiff used crutches and a wheelchair to ambulate.

In January 2007, Plaintiff was detained a local jail in Anderson County, South Carolina. Plaintiff was incarcerated at Laurens County Detention Center ("LCDC"), on or about February 28, 2007, until he was transferred to South Carolina Department of Corrections' ("SCDC") Kirkland Correctional Institution ("KCI") on or about October 29, 2007 (with a brief period of time spent at the Greenville County Detention Center). During his incarceration at LCDC, Plaintiff was not permitted to use crutches. Plaintiff alleges that the inability to use crutches exacerbated his injury. Plaintiff made verbal requests for crutches, but never submitted a formal request to receive crutches. While incarcerated at LCDC, Plaintiff alleges that his leg began to swell. Plaintiff alleges that he requested medical treatment for his foot and was given Ibuprofen and ice for the swelling. When he arrived at SCDC, Plaintiff's foot was very dark. He was given an intake physical and x-rays were taken of his leg, but no specific treatment was provided to him. SCDC, however, did prescribe pain pills to Plaintiff. Plaintiff alleges that his leg continued to swell and he continued to complain about this condition to medical personnel at SCDC. On or about November 8, 2007, Plaintiff complained of pain and swelling of his leg. An SCDC physician examined Plaintiff's foot, ordered x-rays of his ankle, and prescribed Plaintiff pain medication. Later that evening, Plaintiff saw blood coming out of his ankle and was admitted to the KCI infirmary where he received intravenous

antibiotics and pain medication.   Plaintiff also received an orthopaedic consult to examine him for

possible osteomyelitis.  On November 9, 2007, an SCDC physician obtained a wound culture for

Plaintiff.  Plaintiff remained in the infirmary for four or five days, during which time he continued

to receive antibiotics and pain medications and was monitored by the medical staff.  Plaintiff also

had blood work performed.  On November 14, 2007, Plaintiff was transported by ambulance to

Palmetto Richland Memorial Hospital in Columbia, South Carolina.   While at the hospital,

Plaintiff's leg was eventually amputated. On December 18, 2007, Plaintiff returned to KCI.

On October 23, 2009, Plaintiff filed this lawsuit alleging causes of action against Laurens

County and the State of South Carolina[1], acting through SCDC,  for gross negligence, violation of

his civil rights, and violation of  the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101

*et seq.*   More specifically, Plaintiff alleges that Defendants were grossly negligent in denying him

access to appropriate and timely medical care while at the detention facilities, which resulted in his

leg amputation; that he was subjected to cruel and unusual punishment in violation of his civil rights

in being denied appropriate medical care; and that such acts of Defendants were in violation of the

ADA.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to

interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). To prevail on a motion for summary judgment, the movant must demonstrate that: (1)

---

[1] By stipulation and consent of the parties, the State of South Carolina was dismissed as a party to
this action.

there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter

of law. In determining whether a genuine issue has been raised, the court must construe all inferences

and ambiguities against the movant and in favor of the non-moving party. *See United States v.*

*Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the

district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to

survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.

Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to

a genuine issue. *See id.* at 324. Under this standard, the existence of a mere scintilla of evidence in

support of the plaintiff's position is insufficient to withstand the summary judgment motion. *See*

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or

denials, without more, are insufficient to preclude the granting of the summary judgment motion.

*See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts

that might affect the outcome of the suit under the governing law will properly preclude the entry

of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."

*Anderson*, 477 U.S. at 248.

## **DISCUSSION**

### I. SCTCA and Section 1983 Claims

Laurens County argues that it is entitled to summary judgment on Plaintiff's claims arising

under the South Carolina Tort Claims Act ("SCTCA") and under 42 U.S.C. § 1983 because LCDC

is controlled and operated by the Laurens County Sheriff (the "Sheriff"), and thus the acts alleged

4

by Plaintiff are acts of the Sheriff and not acts of Laurens County.  In South Carolina, a sheriff's

department is not under the control of the county, but rather it is an agency of the state.  *See Gulledge*

*v. Smart*, 691 F. Supp. 947, 954-55 (D.S.C. 1988).  In addition, section 24-5-10 of the South

Carolina Code provides that "the sheriff shall have custody of the jail in his county and . . . shall

receive and safely keep in prison any person delivered or committed to [the sheriff], according to

law.  S.C. Code Ann. § 24-5-10 (2010).[2]

Laurens County argues that the Sheriff, not Laurens County was in custody and control of

LCDC at the time of Plaintiff's detainment.  In support, Laurens County provides the sworn affidavit

of Ricky W. Chastain, Laurens County Sheriff, stating that he has been Sheriff of Laurens County

since 2000, and as "duly elected Sheriff of Laurens County, [he] maintains custody and control of

Laurens County Detention Center and its inmates." [Doc. 31-6].

In response to Laurens County's argument, Plaintiff asserts that "[i]t can hardly be said that the

Defendant Laurens County is not responsible for its own detention facility." [Doc. 32-1].  Plaintiff

does not offer any additional argument or evidence to rebut Laurens County's argument.  Standing

alone, Plaintiff's assertion is not sufficient to meet Plaintiff's evidentiary burden under Rule 56;

therefore, Plaintiff is not able to overcome Laurens County's motion for summary judgment on these

issues.  *See* Fed. R. Civ. P. 56(c).  Laurens County argues in the alternative that Plaintiff's claims

under SCTCA and section 1983 fail on the merits.  However, based on the foregoing discussion, the

---

[2] Section 24-5-12 further provides, "notwithstanding the provisions of Section 24-5-10, . . . the sheriff of any county may, upon approval of the governing body of the county, devolve all of his powers and duties relating to the custody of the county jail . . . on the governing body of the county." § 24-5-12.  However, there is no evidence in the record that the Laurens County Sheriff transferred custody of the county jail to Laurens County.

court declines to address the merits of these claims.[3]   Therefore, Laurens County's motion for

summary judgment with regard to Plaintiff's claims under SCTCA and section 1983 is granted.

## II.  ADA

Laurens County argues that Plaintiff may only bring an ADA claim because he also alleges that

his Fourteenth Amendment rights were violated, thus to the extent that Plaintiff's constitutional

claim fails, Plaintiff's ADA claim must also fail.  Laurens County relies on *United States v. Georgia*,

546 U.S. 151, 159 (2006) to support its argument.  In *United States v. Georgia*, the Supreme Court

held that Title II of the ADA abrogates state sovereign immunity to the extent that it creates a cause

of action against a state for conduct that violates the Fourteenth Amendment.  *Id.* at 159.  Laurens

County interprets the Court's holding to mean that Plaintiff's ADA claim must fail if his Fourteenth

Amendment claim is not successful.  The Court's analysis in *United States v. Georgia* rests on the

proposition that the Eleventh Amendment provides states with sovereign immunity.  *See id.* at 154.

However, municipalities do not fall within the sovereign immunity afforded to states and arms of

the states under the Eleventh Amendment.  *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't*

*of Health and Human Resources*, 532 U.S. 598, 608 n.10 (2001) ("Only States and state officers

acting in their official capacity are immune from suits for damages in federal court.  Plaintiffs may

bring suit for damages against all others, including municipalities and other political subdivisions

---

[3] While the court declines to address the merits of Plaintiff's claims, the court notes that in
support of his claims, Plaintiff has submitted an unsworn notarized statement from Dr. Joseph E.
Paris [Doc. 32-2] addressing the sufficiency of the medical care that Laurens County provided.
However, an unsworn affidavit, not accompanied by a statement affirming its authenticity, is not
admissible to create an issue of fact. *See Network Computing Servs. Corp. v. Cisco Sys., Inc.*, 152
Fed. Appx. 317, 321 (4th Cir. 2005) ("[A] notary's certificate simply means that the [doctor's]
signature is authentic.  It is not a substitute for language indicating that the witness understood he
risked prosecution for perjury if he gave false testimony.").

of a State."). Therefore, the Court's holding in United *States v. Georgia* is not applicable to Laurens County.

Laurens County further argues that Plaintiff's ADA claim fails on the merits. To establish a violation of the ADA, a plaintiff must show (1) that he has a disability; (2) that he is qualified for the benefit in question; and (3) that he was excluded from the benefit due to discrimination on the basis of the disability. *See Baird ex. rel. Baird v. Rose*, 192 F.3d 462, 467-70 (4th Cir. 1999). For purposes of its motion, Laurens County assumes that Plaintiff would qualify as having a disability. However, Laurens County argues that Plaintiff was not denied any benefits, and that it did not discriminate against Plaintiff based on his disability.

Additionally, Laurens County argues that Plaintiff's ADA claim fails because it did not discriminate against Plaintiff because of his disability, but rather that it denied Plaintiff use of his crutches because they were a safety hazard. In support of its argument, Laurens County provides the sworn affidavit of Sheriff Ricky W. Chastain [Doc. 31, Att. 6] which states that it is LCDC's policy to prohibit inmates from access to items that can be used as weapons. The affidavit further states that crutches can be used as a weapon.

In support for its argument that Plaintiff was not denied any benefits, Laurens County asserts that Plaintiff's allegations merely challenge the adequacy of his medical care and do not allege any lack of access to LCDC programs or benefits. However, in Plaintiff's Return of the Plaintiff to Department of Corrections' Motion for Summary Judgment [Doc. 33], Plaintiff asserts that Laurens County's denial of his use of his crutches affected his ability to have recreation, which could be considered the denial of a benefit.

7

Plaintiff is not required to establish that Laurens County prohibited his access to certain benefits solely because of his disability. It is enough to show that "discrimination on the basis of [his] disability was a motivating factor." *Baird*, 192 F.3d at 467-70. However, Plaintiff does not allege that LCDC's prohibition of his use of crutches was for any other reason than the potential use of the crutches as a weapon. Plaintiff does not allege that Laurens County prohibited his use of crutches, in turn restricting his access to recreation, on the basis of his disability. Therefore, Plaintiff has not alleged facts sufficient to state a claim under the ADA. Thus, Laurens County's motion for summary judgment with respect to Plaintiff's ADA claim is granted.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Laurens County's Motion for Summary Judgment [Doc. 31] with respect to Plaintiff's Fourteenth Amendment claim, gross negligence claim, and ADA claim is **GRANTED**.

   **IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 16, 2011
Greenville, South Carolina